756 So.2d 234 (2000)
AEROFLORAL, INC., Appellant,
v.
RODRICARGO EXPRESS CORPORATION, Appellee.
No. 3D99-1743.
District Court of Appeal of Florida, Third District.
April 26, 2000.
Walton, Lantaff, Schroeder & Carson and Lawrence D. Smith and Kenneth L. Valentini, Miami; Mound, Cotton & Wollan and Francis A. Montbach and Doreen A. Cronin, New York, for appellant.
The Law Offices of Randy M. Weber, P.A., and Law Offices of Rex B. Guthrie and Rex B. Guthrie, Miami, for appellee.
Before GODERICH, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
This is an appeal from an order entering summary final judgment in favor of Rodricargo Express Corporation for cargo discovered missing during a Customs inspection while the container was at the warehouse of Aerofloral, Inc. The trial court found that the Warsaw Convention applied to the loss and Article 18 of the Convention imposed liability on Aerofloral for the lost cargo because its air waybill violated the requirements of Articles 8 and 9 of the Convention. The court assessed the damages at $73,209.64, plus interest. While both sides below attempted to make use of the Convention to advance their own arguments, they agree on appeal that the Convention is inapplicable to the loss. Thus, we reverse the entry of summary judgment.
Rodricargo is a freight forwarder which delivered a container of goods to Aerofloral, an indirect air carrier and freight consolidator. The Warsaw Convention, 49 Stat. 3000, is an international treaty governing the liability of air carriers engaging in international air travel (see note following *235 49 U.S.C. § 40105). The Convention's scope is limited by Article 18:
(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.
(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever.
It is undisputed that the loss occurred at Aerofloral's warehouse located at 7500 N.W. 25th Street, almost a mile from the Miami International Airport. By its own terms, the Warsaw Convention does not apply because the loss occurred outside the airport. See Victoria Sales Corp. v. Emery Air Freight, Inc., 917 F.2d 705, 707 (2d Cir.1990) ("The plain language of Article 18 draws the line at the airport's border.").
When the Warsaw Convention does not apply, federal common law governs the case. Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190, 1195 (9th Cir.1999). Thus, the trial court's reliance on the strict liability imposed by the Warsaw Convention was error.
Aerofloral raised as its fifth affirmative defense that the terms of the air waybill limit its liability. Paragraph 4 of the air waybill states as follows:
Except as otherwise provided in carrier's tariffs or conditions of carriage, in carriage to which the Warsaw Convention does not apply carriers' liability shall not exceed USD 20.00 or the equivalent per kilogram of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid.
The circumstances here are similar to those in Read-Rite Corp. In that case, the court wrote that "[u]nder established federal common law, if a carrier wishes to enforce a limited liability provision, its contract must offer the shipper (1) reasonable notice of limited liability, and (2) a fair opportunity to purchase higher liability.... Limited liability provisions are prima facie valid if the face of the contract (or, in this case, air waybill) recites the liability limitation and `the means to avoid it.' ... The burden then shifts to the shipper to prove that it did not have a `fair opportunity' to purchase greater liability coverage." Id. at 1198. (citations omitted).
Rodricargo attempts to avoid this limitation by first arguing that the air waybill was not signed by Aerofloral. However, the unrefuted affidavit of Aerofloral's employee asserted that it was the obligation of Rodricargo "to prepare and deliver the Aerofloral air waybill for each shipment of cargo it delivered to Aerofloral at its warehouse and to sign Aerofloral air waybills as agent for shipper and as agent for Aerofloral." It was undisputed that Rodricargo has been authorized to issue Aerofloral air waybills since 1995. A party should not be allowed to profit from its own dereliction.
Rodricargo also argues that the terms of the air waybill do not limit Aerofloral's liability because the goods were not "in carriage." The trial court did not address this argument. The air waybill does not define "carriage," but it does define "carrier" as one who "undertakes to carry the goods hereunder or perform any other services incidental to such carriage." Clearly, warehousing the goods for carriage is a service "incidental to such carriage" as contemplated by the definition of the term "carrier." On remand, the trial court should address whether it is also encompassed within the term "carriage."
Reversed and remanded.
GODERICH, J., concurs.
*236 GREEN, J., (dissenting).
While I agree with the majority that trial court incorrectly relied on the Warsaw Convention in this case to reach its conclusion, I dissent because I believe that the trial court ultimately reached the correct result. Accordingly, I would affirm.
Aerofloral argues that its liability for the missing "D" container is limited pursuant to paragraph four of its air waybill. However, paragraph four clearly applies exclusively to situations where the subject cargo is "in carriage". Here, it is undisputed that the missing cargo was not "in carriage" at the time that it was lost. Thus, paragraph four would not limit Aerofloral's liability in this case. Since Aerofloral has not cited any other language in the air waybill which would limit its liability, I believe that the trial court correctly held Aerofloral liable for the full amount of the missing "D" container.